Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3850 | **DATE** | 1/5/2005 |
| **CASE TITLE** | One Point Solutions, Inc. vs. Anthony Webb et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' motion to dismiss for lack of personal jurisdiction, or in the alternative to transfer venue, are denied. Webb's motion for Rule 11 sanctions is denied. Defendants Webb, Virnig and Yoon are ordered to file an answer to plaintiff One Point's complaint on or before January 19, 2005. Counsel are advised to hold a Rule 26(f) conference and file a jointly completed Form 35 signed by counsel for each party on or before January 28, 2005. This case is set for a report on status and entry of a scheduling order at 9:00am on February 3, 2005.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 0 5 2005 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 43 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RJ/CR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONE POINT SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 3850 |
| ) | |
| ANTHONY WEBB, ) | |
| MICHAEL VIRNIG, and ) | |
| TIM YOON, ) | |
| ) | |
| Defendants. ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

JAMES F. HOLDERMAN, District Judge:

On June 10, 2004, plaintiff One Point Solutions, Inc., ("One Point"), invoking this court's diversity jurisdiction, 28 U.S.C. § 1332, filed a four count amended complaint against defendants Anthony Webb, ("Webb"), Michael Virnig, ("Virnig"), and Tim Yoon, ("Yoon"), (collectively "defendants"), alleging Breach of Fiduciary Duty and Tortious Interference with a Contract by Webb, and Breach of Contract and Conversion by Virnig and Yoon. (Dkt. No. 3.) The defendants moved in July 2004 for dismissal for lack of personal jurisdiction or, in the alternative, for change of venue. (Dkt Nos. 11, 15.) This court, in its minute order of August 13, 2004, (Dkt. No. 20), ordered the parties to engage in a period of expedited discovery in order to develop additional factual evidence on the personal jurisdiction issue. The parties have provided supplemental briefings to the court based on the additional discovery. On November 30, 2004, Webb filed a motion for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, ("Rules") against One Point. (Dkt. No. 36). For the reasons set forth below, this court denies the defendants' motions.

1



## BACKGROUND

According to the complaint, One Point was incorporated as an Illinois company in January 2003 by Michael Mancini, ("Mancini), Travis Hess, ("Hess"), and Webb. (Compl. ¶¶ 3,7.) Each had a one-third interest in the company and comprised One Point's Board of Directors. (Id. at ¶ 3.) One Point's purpose was to "create and produce printed marketed materials and provide direct consultation and marketing services which could be created, customized, serviced and ordered via the Internet." (Id. at ¶ 7.) Yirnig and Yoon were hired by One Point to develop a web-based software application. (Id. at ¶ 4.)

Although Webb was a director of One Point in 2003, he was a resident of North Carolina. (Id. at ¶ 5.) In fact, it appears from the information provided from the parties' supplemental discovery, that all the parties involved with One Point were able to perform their activities in different locations. Although the company is incorporated in Illinois, the business' structure was that of an Internet based company. Each director was able to perform his work at a different location and the directors communicated mostly through telephone and email. Virnig and Yoon were also able to perform their work for One Point through electronic means. Yirnig and Yoon are residents of Minnesota. Since their tasks related to creating an online software program for One Point, they were able to perform these activities from Minnesota. Although One Point had directors and contractors physically located in Illinois, Minnesota and North Carolina, it could be said that One Point's primary place of business was the ether of the Internet. The law has yet to recognize that locale for jurisdictional purposes so this court must find firmer ground.

One Point asserts that Webb has breached his fiduciary duty as a director of One Point. The breach centers around the fact that Webb allegedly has an "on-going close personal relationship with

2

Yoon." (Id. at ¶ 8.) Webb allegedly recommended Virnig and Yoon to OPS to develop the software, but did not disclose his personal relationship with Yoon. (Id.) OPS asserts that the terms and conditions of Yirnig and Yoon's contractual relationship was established in the Software Development and Sale Agreement. ("Software Agreement") (Id. at 9 and Ex. A). One Point alleges that Webb has attempted to undo the Software Agreement to the detriment of One Point and in the benefit of Yirnig and Yoon. One Point has failed to provide a signed copy of the Software Agreement and Virnig and Yoon assert that they never signed the Software Agreement and therefore its terms are not binding. One Point counters in its brief that either Webb has mislead One Point by previously asserting that the software agreement had been signed or by concealing the signed copy. Furthermore, allegedly Webb drafted and executed on One Point's behalf a "Letter of Understanding" in January 2004 stating that all previous agreements between One Point and Virnig and Yoon were invalid. (Id. at 15.) One Point also alleges that Webb attempted to create a competing business with Virnig and Yoon at the domain name of "Printlive.net" while he was still a director and shareholder at One Point, and took software that had been licensed to One Point with him to his new business. (Id. at 17-23.)

One Point also asserts that Virnig and Yoon wrongfully took control of the One Point website and shut it down in January 2004. (Id. at 14.) These actions were allegedly taken after Yirnig and Yoon had rejected a One Point proposal in September 2003 to become minority shareholders with a 10% interest in the company, claimed to own the software that they had developed for One Point and demanded additional payment for work performed for One Point. (Id. at 11-14.)

## STANDARD OF REVIEW

One Point, as the plaintiff, "bears the burden of demonstrating the existence of personal

3

jurisdiction" over the defendants. Budget Rent a Car Corp. v. Crescent Ace Hardware, No. 03 C 930, 2003 WL 21673932, at *2 (N.D. Ill. July 16, 2003) (citing RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997)). "The court may consider affidavits from the parties," Greenberg v. Miami Children's Hosp. Research Inst., Inc.,, 208 F. Supp. 2d 918, 922 (N.D. Ill. 2002), and "the court must resolve any factual disputes in the pleadings and affidavits in the plaintiff's favor, but takes as true any unrefuted facts in the defendant's affidavits." Riddell, Inc. v. Monica, No. 03 C 3309, 2003 WL 21799935, at *1 (N.D. Ill. July 25, 2003).

## ANALYSIS

### A. Personal Jurisdiction

"A federal district court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction." Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc., 15 F.3d 721, 724 (7th Cir. 1994). This court has personal jurisdiction over the defendants if "(1) Illinois statutory law properly grants jurisdiction; (2) the exercise of personal jurisdiction would not violate Illinois constitutional law due process requirements; and (3) the exercise of personal jurisdiction would not violate the United States constitutional law due process requirements." Allman v. McGann, No. 02 C 7442, 2003 WL 1811531, at *2 (N.D. Ill. Apr. 4, 2003) (citing Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 936 (7th Cir. 2000)).

The "Illinois Long Arm Statute authorizes personal jurisdiction to the constitutional limits," thus it collapses into the two constitutional inquiries. Mitchell v. Shifffermiller, No. 03 C 4794, 2004 WL 178188, at *2 (N.D. Ill. Jan. 14, 2004) (citations omitted); see 735 ILCS 5/2-209(c) (providing jurisdiction to the constitutional limit). Furthermore, although the Illinois Supreme Court

has made clear to note that the Illinois Constitutional due process requirement is distinct from the federal requirement, Rollins v. Ellwood, 565 N.E.2d 1302, 1316 (1990), "the Seventh Circuit has suggested that [since] there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction ... the two constitutional analysis blend together." Wasendorf v. DBH Brokerhaus AG, No. 04 C 1904, 2004 WL 2872763, at *2 (N.D. Ill. Dec. 13, 2004) (internal citations omitted).

Personal jurisdiction for federal due process purposes requires that a "defendant have 'minimum contacts' with the forum such that the exercise of personal jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice." Budget Rent a Car Corp., No. 03 C 930, 2003 WL 21673932, at *2 (citing International Shoe Co v. Washington, 326 U.S. 310 (1945)). The defendants' contacts with the forum demonstrate that the "defendants purposefully avails themselves of the privileges of conducting activities within the forum state," Wasendorf, No. 04 C 1904, 2004 WL 2872763, at *3 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)), and the "defendant should reasonably anticipate being haled into court" in the forum state. Id. (citing (World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Personal jurisdiction can be categorized as either: (1) general jurisdiction and (2) specific jurisdiction. "A defendant is subject to general jurisdiction in Illinois when the defendant is domiciled in Illinois or where the defendant has continuous and systematic general business contacts with the forum." Budget Rent a Car Corp., No. 03 C 930, 2003 WL 21673932, at *2 n.5 (internal citations omitted). "Specific jurisdiction exists when 'the defendant has a lessor degree of contact with the state [than in a general jurisdiction case], but the litigation arises out of or is related to those contacts.'" Wasendorf, No. 04 C 1904, 2004 WL 2872763, at *3 (citing Logan Prod. v. Optibase,

103 F.3d 49, 52 (7th Cir. 1996)). This is a specific jurisdiction case.

The defendants' make a general argument against jurisdiction because of the lack of their physical presence in Illinois. Virnig and Yoon allege that they are residents of Minnesota and all of their activities have occurred in Minnesota. Webb alleges that he was previously a resident of North Carolina before moving to Minnesota. He states that he came to Illinois one time for a One Point related matter. However, physical presence is of less importance in this case because the majority of contacts occurred through email and telephone. One Point is a three person business that appears to have adopted a business strategy that allowed it to conduct most of its business through electronic communication. "A relationship 'naturally based on telephone and mail [or in this case email] rather than physical presence ... should not allow defendants to avoid jurisdiction based on that distinction." Budget Rent a Car Corp., No. 03 C 930, 2003 WL 21673932, at *4 (citing Heritage House Rest., Inc v. Cont'l Funding Group, Inc., 906 F.2d 276, 283 (7th Cir. 1990)). This strategy of electronic communication was extended to One Point's relationship with Virnig and Yoon. Webb performed his work for One Point in North Carolina and Virnig and Yoon performed their work in Minnesota. However, this does not automatically prevent Illinois from retaining jurisdiction over them.

One Point main argument for personal jurisdiction over Virnig an Yoon is that the court should apply the software agreement's forum selection clause that states that venue for all activities under the contract is Cook County, Illinois. (One Point Nov. 23, 2004 Ex. 1). Virnig and Yoon counter that they never signed the software agreement, but instead it was part of an ongoing negotiation between the parties. Virnig and Yoon also argues that any agreement was superceded by a later agreement made in January 2004.

Personal jurisdiction is a waivable objection and the parties can consent to the court's

jurisdiction. See Fed. R. Civ. P. 12(h). "Parties may consent in advance to submit their controversies to a particular forum." Budget Rent a Car Corp., No. 03 C 930, 2003 WL 21673932, at *3 (citing Heller Fin., Inc. v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1290 (7th Cir. 1989)). "The Seventh Circuit has repeatedly held that forum selection clauses are binding on the parties." Id. (citing Omron Healthcare Inc. v. Haclaren Exp. Ltd., 28 F.3d 600 (7th Cir. 1994); Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 398 (7th Cir. 1990)).

The court finds that the forum selection clause in the software agreement stating that the venue for the agreement is Cook County, Illinois must be enforced. Virnig and Yoon's arguments against the forum selection clause are not creditable. Virnig and Yoon's argument is that the forum selection clause should not be applied because the software agreement is not a binding contract between the parties. They point to the fact that One Point has failed to provide a signed copy of the software agreement. Although the court is concerned that One Point failed to provide a signed copy of the agreement, their justification is that the signed original was last in the position of Webb, Yirnig and Yoon.

Any concern that the court might have about One Point's failure to provide a signed copy are undone by the other facts surrounding the dispute. Virnig and Yoon performed work and demanded payment from One Point. This undermines their argument that there was no agreement between the parties. Furthermore, the parties appeared to have continued negotiating and entering into agreements throughout 2003. However, none of these agreements appear to be a final agreement nor do they contain any indication by the parties that any one agreement is fully integrated so as to supercede all prior agreements.

Furthermore, the court agrees with One Point that the January 2004 "Letter of

7

Understanding" does not supercede any prior agreement between the parties. One Point alleges that Webb began breaching fiduciary duties to One Point in favor of Virnig and Yoon in the fall of 2003. The court must accept One Point's assertion that Webb was breaching his fiduciary duties for the purposes of this motion because "the court must resolve any factual disputes in the pleadings and affidavits in the plaintiff's favor." Riddell, Inc. v. Monica, No. 03 C 3309, 2003 WL 21799935, at *1 (N.D. Ill. July 25, 2003). Even if this court did not have to apply this standard, the court would not apply the "Letter of Understanding" in this matter due to the apparent misdeeds by Webb by January 2004. The court cannot allow a director of a corporation and the director's new business partners to benefit from the alleged misdeeds of the director.

The forum selection clause only gives the court jurisdiction over Virnig and Yoon. The court must go through the traditional "minimum contacts" analysis to determine if Webb is subject to the court's personal jurisdiction. The court also finds that the traditional "minimum contacts" analysis provides this court with jurisdiction over not only Webb but also Virnig and Yoon.

The "minimum contacts" analysis determines whether it is appropriate under due process to require an out-of-state defendant to come into a court and defendant a suit. "This limitation allows potential defendants to structure their contacts with different forums so as to plan where their business activities will and will not render them liable to suit." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549 (7th Cir. 2004). "Parties who reach out beyond one state and create continuing [contractual] relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their actions." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985) (citation omitted).

Webb, Virnig and Yoon purposely availed themselves of the privilege of doing business with

8

One Point, an Illinois company. Webb did so as a director and Virnig and Yoon did so through a contractual relationship. Each defendant has intentionally reached into Illinois for the purpose of conducting business. They were involved in ongoing business activities that lasted for approximately one year. This included numerous contacts through email and telephone. Webb, Virnig and Yoon could have easily anticipated that one day they might be forced to defend a suit in the home state of a company with which they had engaged in a business relationship.

B. Venue

The defendants assert that the case should be dismissed for improper venue or in the alternative the case should be transferred to a different jurisdiction. Venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. A court may transfer a case to an other district where the case might have been brought for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In re Nat'l Presto Indus., Inc., 347 F.3d 662, 664 (7th Cir. 2003) (citations omitted).

The software agreement between Virnig and Yoon stated that the venue for the events under the contract would occur in Cook County, Illinois. Additionally, the physical reality of this case is that the majority of the activities in this case, the performing of work, the sending of emails, the alleged conversion of One Point's website by Webb, Virnig and Yoon, occurred over the Internet. No one district can claim to be a better venue than another. Therefore, the court believes it should not disturb One Point's decision to select this forum.

C. Rule 11 Motion

Webb brings a motion for Rule 11 sanctions against One Point. Webb alleges that based on One Point's discovery responses, One Point failed to make sufficient factual investigation into whether the court had personal jurisdiction over Webb or whether venue was proper when it filed its complaint. Since this court is finding that it has personal jurisdiction over each of the defendants and that venue is proper, it would be inappropriate to sanction One Point for alleging those facts in its complaint.

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss for lack of personal jurisdiction, or in the alternative to transfer venue, are denied. Webb's motion for Rule 11 sanctions is denied. Defendants Webb, Virnig and Yoon are ordered to file an answer to plaintiff One Point's complaint on or before January 19, 2005. Counsel are advised to hold a Rule 26(f) conference and file a jointly completed Form 35 signed by counsel for each party on or before January 28, 2005. This case is set for a report on status and entry of a scheduling order at 9:00am on February 3, 2005.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: January 5, 2005